UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Yussuf Abdel-aleem, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action File |
| | ) | No. 1:15-cv-2139-RWS |
| Allison Struebing, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES
## OF DEFENDANT HILLSTONE RESTAURANT GROUP, INC.

Defendant Hillstone Restaurant Group, Inc. ("Hillstone"),[1] pursuant to Federal Rules of Civil Procedure, 8 and 12, and other applicable law, files this Answer and Affirmative Defenses to the Plaintiffs' Complaint.

The allegations in the unnumbered introductory paragraph of the Complaint are denied. Hillstone is proud of its diverse customer base and works to provide excellent food and service to all of its guests. Plaintiffs were not subjected to racial profiling or intentional discrimination when they were asked to leave the Houston's Restaurant ("Houston's") located at 2166 Peachtree Rd. NW, Atlanta, GA 30309 on April 15, 2015. Indeed, some or

---

[1] Hillstone operates restaurants in the Northern District and elsewhere under a variety of trade names, including "Houston's" or "Houston's Restaurant."

all of the Plaintiffs had previously dined at that Houston's prior to the nights discussed in their Complaint.  Plaintiffs were asked to leave Houston's on April 15th because, after Plaintiff Yussuf Abdel-aleem violated the restaurant's nondiscriminatory rules on dress code and cell phone use in the dining room, members of the group became unacceptably rude and belligerent and verbally attacked multiple female employees with obscene language.  Led by Mr. Yussuf Abdel-aleem, Plaintiffs exhibited and/or tolerated sexist and misogynistic behavior by members of their party and caused a disturbance at the restaurant by screaming profanities.  Plaintiffs' behavior was shockingly unacceptable, created a hostile environment for employees and guests of the restaurant, and fully justified Houston's decision to ask them to leave.

1.

Hillstone lacks information sufficient to admit or deny the contents of the allegations set forth in this paragraph, which therefore stand denied. Hillstone admits, however, that during one of his tirades at the restaurant on April 15th, Mr. Yussuf Abdel-aleem stated that he is "the biggest lawyer in Atlanta."

2

2.

Hillstone lacks information sufficient to admit or deny the contents of the allegations set forth in this paragraph, which therefore stand denied.

3.

Hillstone lacks information sufficient to admit or deny the contents of the allegations set forth in this paragraph, which therefore stand denied.

4.

Hillstone lacks information sufficient to admit or deny the contents of the allegations set forth in this paragraph, which therefore stand denied.

5.

Hillstone admits that Allison Struebing ("Struebing") is white, and is a citizen of the United States. Hillstone denies that Struebing is the general manager of "Houston's Restaurants of Georgia, Inc.," but admits that she is the General Manager of the Houston's Restaurant located at 2166 Peachtree Rd. NW in Atlanta.

6.

Hillstone admits that it has an office in Georgia, and that Houston's restaurants are open to the general public. Hillstone denies the present existence of a corporate entity named "Houston's Restaurants of Georgia, Inc." Hillstone denies the remaining allegations of this paragraph.

LEGAL02/35775779v1

7.

Hillstone denies that it is a corporation registered under the laws of the State of Georgia.  Hillstone is a Delaware corporation.  Hillstone admits that its restaurants are open to the general public and admits the remaining allegations of this paragraph.

8.

Hillstone admits that Plaintiffs have filed a lawsuit accusing the Defendants of violating federal antidiscrimination laws, and that venue and jurisdiction are proper in this Court regarding the federal claims.  Hillstone denies, however, that any laws were violated and denies that Plaintiffs have any valid federal causes of action.

9.

Hillstone asserts that Plaintiffs fail to show any substantial federal claims and therefore denies that the Court should assume supplemental jurisdiction over the state law claims alleged in the Complaint.  Hillstone denies that the Court has jurisdiction over the municipal law claims.

10.

Denied.  Hillstone admits, however, that four men (believed to be the four plaintiffs) were at the Houston's on Peachtree Road on the night of April 15th.

4

11.

Denied.  Hillstone admits, however, that Plaintiff Yussuf Abdel-aleem

was wearing a baseball cap when he entered the dining area and sat at the

table; and further states that he refused to take off his baseball cap when

informed of the restaurant dress code that requires gentlemen to remove their

hats in the dining room.  Hillstone lacks sufficient information to admit or

deny the remaining allegations set forth in this paragraph, which therefore

stand denied.

12.

Denied.  After Plaintiff Yussuf Abdel-aleem sat down in the dining

room while wearing a baseball hat, a Greeter approached the table and

politely spoke to Plaintiff Yussuf Abdel-aleem, saying, "Sir, we ask that

gentlemen remove their hats in the dining room."  Yussuf Abdel-aleem

initially ignored and waved off the Greeter dismissively, while he was

speaking on a cell phone.  Yussuf Abdel-aleem eventually stopped speaking

on the phone and immediately yelled at the Greeter.  Yussuf Abdel-aleem

shocked the Greeter when the first words out of his mouth were belligerent

and profane and began with the phrase "What the f--k?!"[2]

---

[2] On the night of April 15th, certain of the Plaintiffs used obscene language
and directed profanities at Defendant Struebing and other female employees

LEGAL02/35775779v1

13.

Hillstone admits that Struebing is white, and is the General Manager

of the Houston's located at 2166 Peachtree Rd. NW.  Hillstone also admits

that Struebing approached the table where Plaintiffs were seated.  Hillstone

states that she did so after the Greeter told her that a guest had screamed

"F--k you!" at the Greeter after the Greeter asked him to remove his baseball

hat.  Hillstone denies the remaining allegations in this paragraph.

14.

Denied.

15.

Denied.

16.

Denied.  Plaintiff Yussuf Abdel-aleem was never polite to Struebing

or any other female employees at Houston's.  He repeatedly yelled, cursed,

and used profanities, and was arrogant and demeaning to female Houston's

---

of Houston's.  Evidence about the Plaintiffs' behavior and the language that
they used in the restaurant when verbally attacking restaurant employees is
highly relevant to this case and Hillstone's factual defenses, and that
evidence will need to be admitted into the record at the appropriate stage in
these proceedings.  Given the obscene language used and the public nature
of this filing, however, Hillstone is hyphenating certain words in the body of
this Answer.

employees.  When he was yelling at Struebing, he accused her staff of being "F-----g rude," and one of the guests told her that she was "worthless filth." He was condescending and told Struebing that he is a "big, important lawyer."  In reference to the Greeter who informed him of the policy on hats in the dining room, Yussuf Abdel-aleem told Struebing that he would not take directions "from some little s--t that makes $5 an hour."  He said "F--k you" to Struebing several times in a loud voice.  When Struebing asked him to lower his voice and keep his language professional, Yussuf Abdel-aleem said: "If your staff is f-----g rude, I'm going to say whatever I f-----g want," and other similarly offensive things.

17.

Hillstone admits that several restaurant guests were distracted by the disturbance that Plaintiffs caused in the dining room, and that the guests were subjected to sounds of yelling and cursing by Yussuf Abdel-aleem and one or more of the other Plaintiffs in the restaurant.  Hillstone denies the other allegations in this paragraph.

18.

Denied.

19.

Hillstone admits that, after being repeatedly told of Houston's policies and his need to follow them, Yussuf Abdel-aleem took his hat off for some period of time and got off his cell phone.

20.

Denied.  Struebing asked Plaintiffs to leave the restaurant due to the failure to comply with restaurant policies, the use of profanities and aggressive behavior toward Houston's employees, and the creation of a hostile environment and disturbance in the dining room.

21.

Denied.  Plaintiffs were cast in a negative light by some of the Plaintiffs' horribly offensive treatment of female Houston's employees and their repeated use of profanities in the restaurant to demean and insult Struebing and other female employees.  Two or more Plaintiffs yelled the word "F--k" at female employees many times.  One of the Plaintiffs referred to a Greeter as a "F-----g b---h" for the sole reason that she asked Yussuf Abdel-aleem to comply with the dress code that requires gentlemen to remove their hats in the dining room.  Yussuf Abdel-aleem called Struebing a "Pig-faced c--t" while screaming at her.  Some members of the group repeatedly said "F--k you" to the staff during their interaction.  This

8

misogynistic and offensive behavior by multiple Plaintiffs (not anything that Struebing did in response to that behavior) is what cast Plaintiffs in a negative light.

22.

Hillstone admits that, in the course of verbally attacking and directing profanities at Struebing and the Houston's staff, Yussuf Abdel-aleem demanded to see the hat and cell phone policies, and Hillstone further states that those policies were explained to him and he was informed where they are posted in the restaurant.

23.

Denied.

24.

Denied.  Struebing did not bring a man to the table area.  A male co-worker approached the table, on his own initiative, after he noticed the Plaintiffs acting very aggressively toward Struebing as she spoke to them. He overheard one of the Plaintiffs yell the word "f--k" loudly as Struebing was speaking to them, and decided that he needed to approach the table to stand behind Struebing and ensure her safety.  As a result of the outrageous behavior of the Plaintiffs, and their refusal to follow restaurant policies, Struebing asked her co-worker to call 911 when they refused to leave.

25.

Denied.  All of the other guests did not remain silent.  At least one of the other guests (believed to be Plaintiff Patel) joined in with Yussuf Abdel-aleem and screamed at Houston's employees and directed profanities at them.  Plaintiff Patel used the word "f--k" loudly and repeatedly, and directed other obscenities at several female employees.  While speaking with the African-American waitress who was assigned to their table, Plaintiff Patel accused everyone in the restaurant of being "f-----g racists."  As a result of the offensive behavior and language of multiple guests who were sitting together at a table, all the Plaintiffs were eventually asked to leave.

26.

Denied.

27.

Denied.

28.

Hillstone admits that one or more of the Plaintiffs returned to Houston's on June 9, 2015.  Hillstone lacks information sufficient to admit or deny the remaining allegations set forth in this paragraph, which therefore stand denied.

29.

Denied.

30.

Denied.

31.

Denied.  After verifying that one or more of the guests who had been asked to leave the restaurant on April 15th had returned, a Houston's manager approached Plaintiffs' table and asked them to leave.  An off-duty police officer accompanied the manager to Plaintiffs' table for safety reasons.

32.

Denied.

33.

Denied.

34.

Denied.

35.

Denied.

36.

11

Hillstone incorporates by reference its responses to Paragraphs 1-35 of the Complaint as if fully set forth herein.

37.

Paragraph 37 sets forth a legal conclusion to which no response is required. Hillstone admits that the Houston's is open to the general public, and states that all guests who come to the restaurant are welcome and are expected to follow its policies and treat the restaurant's employees with appropriate respect. Except as expressly admitted herein, Hillstone denies the allegations in this paragraph.

38.

Denied. Plaintiffs were asked to leave the restaurant based on their unacceptable behavior, as explained above. Plaintiffs were not "singled out" based on their races.

39.

Denied.

40.

Denied.

41.

Hillstone incorporates by reference its responses to Paragraphs 1-40 of the Complaint as if fully set forth herein.

42.

Hillstone lacks information sufficient to admit or deny the contents of the allegations set forth in this paragraph, which therefore stand denied.

43.

Denied.

44.

Denied.  Plaintiffs were asked to leave the restaurant based on their unacceptable behavior, as explained above.  Plaintiffs were not treated dissimilarly based on their races.

45.

Denied.

46.

Hillstone incorporates by reference its responses to Paragraphs 1-45 of the Complaint as if fully set forth herein.

47.

Denied.  Defendants acted reasonably at all times during the unfortunate interactions with Plaintiffs.  The behavior exhibited by Plaintiffs at Houston's was extreme and outrageous and completely unacceptable.

48.

Denied.

49.

Hillstone incorporates by reference its responses to Paragraphs 1-48 of the Complaint as if fully set forth herein.

50.

Paragraph 50 sets forth a legal conclusion to which no response is required.  Hillstone states that it is Defendants' practice to treat all guests with hospitality and respect.  Except as expressly admitted herein, Hillstone denies the allegations in this paragraph.

51.

Denied.

52.

Hillstone incorporates by reference its responses to Paragraphs 1-51 of the Complaint as if fully set forth herein.

53.

Denied.

54.

Denied.

55.

Denied.

LEGAL02/35775779v1

Hillstone denies that Plaintiffs are entitled to any relief for the claims asserted in the Complaint and, specifically, Hillstone denies that Plaintiffs are entitled to the relief requested in their prayers for relief.

Wherefore, except as expressly admitted herein, Hillstone denies each and every allegation contained in the Complaint and denies that Plaintiffs are entitled to any of the relief requested in their prayer for relief.  Having fully answered and defended, Hillstone prays that the claims be dismissed in full and that all costs be cast upon Plaintiffs.

Hillstone demands a trial by jury on all issues so triable.

## FIRST DEFENSE

The Complaint is barred, in whole or in part, based on the Plaintiffs' failure to state a claim upon which relief can be granted and/or failure to state a claim with sufficient factual allegations.

## SECOND DEFENSE

The Complaint is barred because Plaintiffs were not subjected to intentional race discrimination.

## THIRD DEFENSE

Upon information and belief, Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel, waiver, and/or unclean hands.

LEGAL02/35775779v1

## FOURTH DEFENSE

Upon information and belief, Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to take reasonable steps to mitigate their claimed damages, the existence of such damages being hereby denied.

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of contributory negligence, in pari delicto and/or injury by fellow servant.

## SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Hillstone did not act with malice or reckless indifference to Plaintiffs' protected rights and made reasonable, good faith efforts to comply with applicable law.

## SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Hillstone acted in good faith and lawfully with respect to Plaintiffs, and any actions taken by Hillstone were taken for legitimate, nondiscriminatory, and nonretaliatory reasons that would have been taken in the absence of any protected status of Plaintiffs.

## EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to plead or allege conditions and facts precedent to their claims.

LEGAL02/35775779v1

## NINTH DEFENSE

Plaintiffs' claims for racial discrimination in a place of public accommodation are barred, in whole or in part, because Plaintiffs were not denied the full benefit or enjoyment of a public accommodation.

## TENTH DEFENSE

Plaintiffs' claims for discrimination in contractual relations are barred, in whole or in part, because the allegedly discriminatory conduct did not concern the making, performance, modification, or termination of contracts, or the enjoyment of all benefits, privileges, terms, and conditions of a contractual relationship.

## ELEVENTH DEFENSE

Plaintiffs' claims for racial discrimination in a place of public accommodation are barred, in whole or in part, because no similarly-situated persons outside Plaintiffs' protected class received more benefits or were treated better than Plaintiffs.

## TWELFTH DEFENSE

Plaintiffs' claims for discrimination in contractual relations are barred, in whole or in part, because no similarly-situated persons outside Plaintiffs' protected class received more benefits or were treated better than Plaintiffs.

LEGAL02/35775779v1

## THIRTEENTH DEFENSE

Plaintiffs' claims for intentional infliction of emotional distress are barred, in whole or in part, because Hillstone did not engage in conduct that was intentional or reckless or that meets the applicable legal standard of being utterly intolerable in a civilized community.

## FOURTEENTH DEFENSE

Plaintiffs' claims for intentional infliction of emotional distress are barred, in whole or in part, because Hillstone did not engage in extreme or outrageous conduct causing severe emotional distress to Plaintiffs.

## FIFTEENTH DEFENSE

Plaintiffs' claims for tortious misconduct are barred, in whole or in part, because Plaintiffs were not subjected to abusive, opprobrious, insulting, or slanderous language by Hillstone or any of its agents.

## SIXTEENTH DEFENSE

Hillstone denies that any action(s) or inaction(s) taken towards any Plaintiff was motivated by race.  Any action or inaction that any Plaintiff alleges to be discriminatory was based upon factors other than race.

## SEVENTEENTH DEFENSE

The Complaint, and each purported cause of action contained therein, fails to allege facts sufficient to allow recovery of attorneys' fees.

LEGAL02/35775779v1

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failure to exhaust administrative remedies.

## NINETEENTH DEFENSE

Hillstone reserves the right to raise other affirmative defenses that may subsequently become or appear applicable to some or all of Plaintiffs' causes of action.

## TWENTIETH DEFENSE

This Court should exercise its discretion to decline to assume supplemental jurisdiction over the state and municipal law claims alleged in the Complaint because of Plaintiffs' failure to show any substantial federal claims.

19

Respectfully submitted this 6th day of August, 2015.

ALSTON & BIRD LLP


s/ Bernard Taylor
Bernard Taylor
Georgia Bar No. 699625
Christopher C. Marquardt
Georgia Bar No. 471150
Kandis Wood Jackson
Georgia Bar No. 127324
1201 West Peachtree Street
Atlanta, GA  30309-3424
Telephone:  (404) 881-7000
Fax:  (404) 881-7777

*Attorneys for Defendants*
*Hillstone Restaurant Group,*
*Inc. and Allison Struebing*

LEGAL02/35775779v1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Yussuf Abdel-aleem, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action File |
| | ) | No. 1:15-cv-2139-RWS |
| Allison Struebing, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2015, I electronically filed the

foregoing with the Clerk of Court using the CM/ECF system which will

send notification of such filing to the following:

Tarek Abdel-aleem
Aleem, LLC
Suite 2600
1130 Hurricane Shoals, Rd NE
Lawrenceville, GA 30043
tarekaaleem@gmail.com

s/ Kandis Wood Jackson
Kandis Wood Jackson